1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARMSTER HAMPTON,                          No.  2:13-cv-1533 KJM CKD P

12              Petitioner,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   RICK HILL,

15              Respondent.

16

17        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas

18   corpus under 28 U.S.C. § 2254.  He challenges the revocation of 90 days good conduct sentence

19   credit resulting from 2011 prisoner disciplinary proceedings.  Respondent has filed a motion to

20   dismiss.[1]

21   I. Background

22        On March 8, 2011, petitioner provided a urine sample as part of a mandatory drug testing

23   program at the Sierra Conservation Center in Jamestown.  On March 28, 2011, petitioner was

24   charged via a "Rules Violation Report" (RVR) with having tested positive for marijuana.  In the

25   _____

26   [1]  After petitioner filed his opposition to respondent's motion to dismiss, he filed a motion asking
     that the court take judicial notice of several documents.  This request is not proper as the court
27   does not take judicial notice of documents.  The court takes judicial notice of certain facts.  See
     Fed. R. Evid. 201.  Petitioner fails to identify any specific facts the court should and could
28   judicially notice.

                                              1

body of the RVR, however, it is indicated that on March 23, 2011, the reporting officer learned

from National Toxicology Laboratories, Inc. that the sample provided by petitioner on March 8

tested positive for methamphetamine and amphetamine suggesting that petitioner's being charged

with testing positive for marijuana was a mistake.  Pet. Ex. A.

A hearing on the RVR was held April 4, 2011.  That day, before the hearing started, the

charges were changed from testing positive for marijuana to testing positive for amphetamine and

methamphetamine.  Petitioner pled guilty to the charges and, among other things, was assessed a

90 day forfeiture of good conduct sentence credit.   Id.

II.  Petitioner's Claim

Petitioner now claims his revoked 90 days of sentence credit must be reinstated because

petitioner did not receive notice of the charge that he tested positive for amphetamine and

methamphetamine within 15 days of discovery by corrections officials that he had tested positive

as required under Cal. Code Regs. tit. 15, § 3320(f) and the Due Process Clause of the Fourteenth

Amendment.  In support of his claim, petitioner points to a copy of the test results from the

National Toxicology Lab, which indicates the results were "reported" on March 17, 2011.  Pet.

Ex. B.

III.  Respondent's Arguments

Respondent presents two arguments in his motion to dismiss.  First, respondent asserts

that any right petitioner had to receive notice of charges within 15 days of correctional officials

learning he had tested positive for amphetamine and methamphetamine is a right which arises

under state law only and, therefore, a violation of that right is not a valid basis for federal habeas

relief.

Respondent is correct that an application for a writ of habeas corpus by a person in

custody under a judgment of a state court can be granted only for violations of the Constitution or

laws of the United States.  28 U.S.C. § 2254(a).  The United States Supreme Court has found that

prisoners do have some federal rights with respect to prisoner disciplinary proceedings which

result in the loss of good conduct sentence credit.  These rights include:

1)  Advance written notice of the charges;

2)  An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the inmate's defense;

3)  A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4)  That the findings of the prison disciplinary board be supported by some evidence in the record.

Superintendent v. Hill, 472 U.S. 445, 454 (1985).  Petitioner has no federal right to be charged within a specific period of time following correctional officials learning the basis of the charge.

In light of the foregoing, the court will recommend that respondent's motion to dismiss be granted because petitioner fails to present facts suggesting he has been denied any federal right. Also, in light of the foregoing, the court need not address respondent's argument that petitioner's claim is time-barred; the second argument presented in respondent's motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's October 10, 2013 motion to dismiss (ECF No. 11) be granted;

2.  Petitioner's application for writ of habeas corpus be dismissed; and

3.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

/////

/////

3

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

F.2d 1153 (9th Cir. 1991).

Dated:  March 10, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hamp1533.157

4